# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

2015 OCT 19 PM 3:25

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| SUSAN POLMAR | Case Number: 15CR1075-LAB |
| | EUGENE IREDALE, RETAINED |
| | Defendant's Attorney |

**REGISTRATION NO.** 44515298

☐ Correction of Sentence for Clerial Mistake (Fed. R. Crim. P. 36)

THE DEFENDANT:

☒ pleaded guilty to count(s)   ONE OF THE INFORMATION

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 18 USC 1343 | WIRE FRAUD | 1 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s)  REMAINING  are  dismissed on the motion of the United States.

☒ Assessment : $100.00

☒ No fine    ☒ Forfeiture pursuant to order filed   8/21/2015  , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

October 13, 2015
Date of Imposition of Sentence

*[signature]*

HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

15CR1075-LAB

| DEFENDANT: | SUSAN POLMAR | Judgment - Page 2 of 5 |
|---|---|---|
| CASE NUMBER: | 15CR1075-LAB | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:
41 MONTHS

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:
PLACEMENT AT FPC PHOENIX.
PARTICIPATE IN THE RESIDENTIAL DRUG ASSESSMENT PROGRAM.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ A.M. on _____
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ on or before
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By      DEPUTY UNITED STATES MARSHAL

15CR1075-LAB

| DEFENDANT: | SUSAN POLMAR | Judgment - Page 3 of 5 |
|---|---|---|
| CASE NUMBER: | 15CR1075-LAB | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
3 YEARS

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 3 drug tests per month during the term of supervision, unless otherwise ordered by court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable.*)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- ☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable.*)
- ☐ The defendant shall participate in an approved program for domestic violence. (*Check if applicable.*)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| DEFENDANT: | SUSAN POLMAR | Judgment - Page 4 of 5 |
|---|---|---|
| CASE NUMBER: | 15CR1075-LAB | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

3. Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. The defendant shall be tested 1 time a month for one year. The probation officer may modify testing or terminate after eighteen if no dirty tests are reported.

4. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

5. Provide complete disclosure of personal and business financial records to the probation officer as requested.

6. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation until the fine or restitution is paid in full.

7. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

8. The probation officer may inquire about checking accounts.

//

//

15CR1075-LAB

AO 245S     Judgment in Criminal Case
            Sheet 5 — Criminal Monetary Penalties

DEFENDANT: SUSAN POLMAR
CASE NUMBER: 15CR1075-LAB

Judgment — Page 5 of 5

# RESTITUTION

The defendant shall pay restitution in the amount of _____$4,655,464.34_____ unto the United States of America.

This sum shall be paid ___ immediately.
                         x  as follows:

Pay restitution in the amount of $4,655,464.34 to Chubb Insurance through the Clerk, U. S. District Court. Payment of restitution shall be forthwith. During any period of incarceration the defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. The defendant shall pay the restitution during his supervised release at the rate of $500 per month. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the restitution judgment.

Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs.

The Court has determined that the defendant   does not   have the ability to pay interest.  It is ordered that:

___ The interest requirement is waived.

___ The interest is modified as follows:

15CR1075-LAB

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN POLMAR,<br><br>Defendant. | Case No. 15cr1075-LAB<br><br>SECOND AMENDED ORDER OF CRIMINAL FORFEITURE |

1. On June 1, 2015, this Court entered its Preliminary Order of Criminal Forfeiture, which condemned and forfeited to the United States all right, title and interest of Defendant SUSAN POLMAR in the properties listed in the Forfeiture Allegations of the Information, namely,

a) Real property located at 6713 Whitesail Street, Carlsbad, California, 92011, and all appurtenances affixed thereto, more particularly described as:

**ASSESSORS PARCEL NO. 214-530-03**

All that certain real property situated in the County of San Diego, State of California, described as follows: Lot 39 of City of Carlsbad Tract 92-01, in the City of Carlsbad, County of San Diego, State of California, according to Map thereof No. 13282, filed in the Office of the County Recorder of San Diego County December 29, 1995.

Except therefrom all oil, gas, minerals, and other hydrocarbon substances lying below the surface of said land, but with no right of surface entry, as provided in deeds of record; and

b) One 2007 Lexus GX470, VIN JTJBT20X270145993.

1      2. For thirty (30) consecutive days ending on July 4, 2015, the United States published on its forfeiture website, www.forfeiture.gov, notice of the Court's Order and the United States' intent to dispose of the above properties in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n) and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and further notifying all third parties of their right to petition the Court within thirty (30) days of the final publication for a hearing to adjudicate the validity of their alleged legal interest in the properties.

      3. On June 15, 2015, Notice of Order of Forfeiture was sent by Federal Express as follows:

| Name and Address | Tracking No. | Result |
|---|---|---|
| Peter M. Shames<br>Jan Baron Shames<br>3219 S. Bentley Avenue<br>Los Angeles CA 90034 | 773832611863 | Signed for as received on 6/18/15 |
| Jonathan Polmar<br>6713 Whitesail Street<br>Carlsbad CA 92011 | 773832671321 | Signed for as received on 6/16/15 |
| CSC - Lawyers Incorp. Service<br>Agent for Service of Process,<br>   Wells Fargo Bank<br>2710 Gateway Oaks Drive,<br>   Suite 150N<br>Sacramento CA 95833 | 773832716662 | Signed for as received on 6/18/15 |
| C T Corporation System<br>Agent for Service of Process,<br>   JP Morgan Chase<br>818 W. Seventh Street,<br>   Suite 930<br>Los Angeles CA 90017 | 773832764160 | Signed for as received on 6/18/15 |

      4. On July 22, 2015, this Court entered its First Amended Order (docket 22) granting the third party petitions of Jonathan Polmar, Jan Baron Shames and Peter Shames, and Wells Fargo Bank as to the real property. The Court further authorized Wells Fargo Bank to proceed with foreclosure of its deed of trust in accordance with state law.

- 2 -         15cr1075

5. The joint tenant interest of Defendant SUSAN POLMAR in the real property remains forfeited to the United States, along with her interest in One 2007 Lexus GX470, VIN JTJBT20X270145993. The United States does not oppose the third party petition of Defendant's husband Jonathan Polmar as to a one-half interest in the forfeited vehicle. The parties have agreed to the payment of $1,000.00 from Jonathan Polmar in exchange for the vehicle's release. The $1,000.00 has been received and is hereby ordered forfeited to the United States as a substitute for Susan Polmar's interest in the 2007 Lexus.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, as a result of the failure of any third party to come forward or file a petition for relief from forfeiture as provided by law, except as summarized above in paragraphs 4 and 5, all right, title and interest of SUSAN POLMAR and any and all third parties, except Jonathan Polmar, Jan Baron Shames, and Peter Shames, and Wells Fargo Bank as to the real property only, are hereby condemned, forfeited and vested in the United States of America:

a) Real property located at 6713 Whitesail Street, Carlsbad, California, 92011, and all appurtenances affixed thereto, more particularly described as:

**ASSESSORS PARCEL NO. 214-530-03**

All that certain real property situated in the County of San Diego, State of California, described as follows: Lot 39 of City of Carlsbad Tract 92-01, in the City of Carlsbad, County of San Diego, State of California, according to Map thereof No. 13282, filed in the Office of the County Recorder of San Diego County December 29, 1995.

Except therefrom all oil, gas, minerals, and other hydrocarbon substances lying below the surface of said land, but with no right of surface entry, as provided in deeds of record; and

b) $1,000.00.

IT IS FURTHER ORDERED that costs incurred by the United States Secret Service and any other governmental agencies which become incident to any seizure and custody of the real property shall be the first charge against any proceeds from the sale of the forfeited real property. If the owners of record or Wells Fargo Bank

- 3 -                                                                                     15cr1075

1 | proceed with sale of the forfeited real property, twenty-five percent of the funds
2 | obtained from the sale after payment to Wells Fargo Bank shall be paid forthwith to
3 | the United States and forfeited. All forfeited funds shall be deposited into the
4 | Treasury Forfeiture Fund.

5 |     DATED: August 20, 2015

*[signature]*
HON. LARRY ALAN BURNS
United States District Judge